IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25CV314-GCM-SCR

| | |
|---|---|
| CARLITA ANABEL GUTIERREZ ORTIZ, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>DIRECTOR OF USCIS, DIRECTOR OF ICE, )<br>DIRECTOR OF CBP, SECRETARY OF )<br>HOMELAND SECURITY, )<br>)<br>Defendants. )<br>_____) | ORDER |

This matter is before the Court upon the pro se Plaintiff's Complaint and Motion for Preliminary Injunction. (Doc. Nos. 1 & 3). The Defendants have filed a response in opposition. (Doc. No. 15).

Plaintiff filed a Complaint and Motion for Preliminary Injunction on behalf of her spouse, Edilzer Ediberto Velasquez Diaz, who has been detained by ICE in the state of Georgia at the Folkston Georgia Facility allegedly in violation of his due process rights. (Doc. No. 3 at p. 2). She seeks immediate release of her husband from confinement, and requests that the Court "invalidate [the] USCIS order and restore my husband's benefit to original Asylum application and restore work permit as well, placing him back in a legal status." (Doc. No. 1 at p. 4). In her Motion she alleges irreparable harm related to the absence of her husband and father of her children. (Doc. No. 3 at p. 2). Because Plaintiff seeks her husband's the release from immigration detention, the Court treats her Complaint as a petition for habeas corpus pursuant to 28 U.S.C. § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Coreas v. Bounds*, 451 F. Supp. 3d 407, 419

(D. Md. 2020) ("[A] claim by an immigration detainee seeking release because of unconstitutional conditions or treatment is cognizable under § 2241.").

In their brief in opposition, Defendants contend that the Western District of North Carolina is an improper venue for this case because the detainee is being held in the state of Georgia, and that the named Defendants are not the proper respondents. "Generally, a person challenging his detention through a habeas petition is required to file that petition in the federal district where he is detained at the time of filing and to name as the respondent the custodian detaining him there." *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 849803, at *1 (S.D.N.Y. March 19, 2025). These rules, known as the "district of confinement" and "immediate custodian" rules, were articulated by the Supreme Court in *Rumsfeld*.

Plaintiff states that her spouse is being held in Georgia. The Defendants have confirmed the location of his detention by attaching as Exhibit A to their response a search result from the U.S. ICE Online Detainee Locator System indicating that Edilzer Ediberto Velasquez Diaz is being detained at Folkston Annex in Georgia. (Doc. No. 15-1).[1] Accordingly, the proper venue for this case is the Southern District of Georgia, not the Western District of North Carolina.

In addition, Plaintiff has named as Defendants the Secretary or Director of every federal agency related to immigration. These are not proper respondents. Pursuant to the "immediate custodian" rule, the proper respondent in a habeas proceeding is the person who holds the detainee, such as the warden of the facility where the detainee is being held, "not the Attorney General or some other remote supervisory official." *Rumsfeld*, 542 U.S. at 435.

---

[1] The Court takes judicial notice of this public record located at https://locator.ice.gov/odls/#/search (last visited June 30, 2025). Courts have properly considered and taken judicial notice of information on government agency websites. *See Unites States v. Garcia*, No. 3:15-CR-00040-MOC-DSC, 2015 WL 7313425, at *2 (W.D.N.C. Nov. 19, 2015).

Because Plaintiff has filed this matter in the wrong district and has failed to name the proper respondent, the Court need not reach the merits of her motion.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED, and her Complaint is hereby DISMISSED WITHOUT PREJUDICE to refile in the proper federal district.

Signed: July 7, 2025

Graham C. Mullen
United States District Judge

---

[2] Nor does the Court need to address Respondents' standing argument.

Because Plaintiff has filed this matter in the wrong district and has failed to name the proper respondent, the Court need not reach the merits of her motion.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED, and her Complaint is hereby DISMISSED WITHOUT PREJUDICE to refile in the proper federal district.

Signed: July 7, 2025

Graham C. Mullen
United States District Judge

---

[2] Nor does the Court need to address Respondents' standing argument.